

FILED
IN OPEN COURT
DEC 16 2016
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:16-CR-89 |
| | ) | |
| PAMELA TERESA BENSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STATEMENT OF FACTS

The United States and the defendant, PAMELA TERESA BENSON, agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From in or about October 1995 and continuing until in or about December 2015, in the Eastern District of Virginia, defendant, PAMELA TERESA BENSON ("BENSON"), did knowingly, intentionally, and willfully embezzle, steal, purloin and convert to her own use, on a recurring basis, money of value in excess of $1,000, belonging to the Social Security Administration ("SSA").

2. More specifically, BENSON obtained money from SSA by accessing her deceased mother-in-law's bank accounts and withdrawing funds to which she knew she was not entitled and by concealing her mother-in-law's death from SSA to continue to obtain those benefits.

3. Defendant BENSON is a resident of Annandale, Virginia. She married R.O. in 1994 and has resided with him and their son at a house on Lincolnshire Drive in Annandale since 1994.

4. BENSON's mother-in-law, J.O. (also known as M.O.), was born in 1925 and became entitled to SSA Title II Retirement Insurance Benefits ("retirement benefits") in August of 1990. J.O. lawfully received monthly cash retirement benefits from August 1990 until her death on October 26, 1995, which were based on her own earnings record.

5. J.O. was living at the Lincolnshire Drive house with BENSON and R.O. when she died in 1995. R.O. was the reporting party on her death certificate. During the time J.O. lawfully received monthly cash retirement benefits, J.O. provided BENSON access to her credit card for purposes of making purchases on J.O.'s behalf.

6. At the time of her death, J.O.'s retirement benefits were paid by direct deposit to a checking account in her name at Riggs Bank. Riggs Bank was acquired by PNC Bank in 2005, and the J.O. account (hereafter the "PNC Bank account") was transferred to PNC Bank at that time. J.O. was the only person with signatory authority for the PNC Bank account, and no other person had lawful authority to access the account.

7. SSA was not notified of J.O.'s death, and continued to pay retirement benefits to her PNC Bank account after her death. Following J.O.'s death, BENSON obtained access to the PNC Bank account and stole the monies paid into the account by SSA for her benefit. BENSON used a debit card issued by Riggs Bank (and later, by PNC bank) to access the account. BENSON was aware that it was illegal to receive and spend these retirement benefits after J.O.'s death.

8. In 2011, BENSON made a telephone call to PNC Bank and impersonated J.O. in order to obtain a replacement debit card. BENSON represented to an employee of PNC Bank that the previous debit card had been lost, and requested a replacement card be issued to her. PNC Bank complied with that request and mailed a replacement debit card, bearing the name

J.O., to the Lincolnshire Drive house. BENSON later activated that card at a PNC Bank ATM and used it to make cash withdrawals and purchases.

9. In 2014, PNC Bank mailed a replacement card to the Lincolnshire Drive house after the prior debit card had expired; BENSON again activated the card at a PNC Bank ATM and used it to make cash withdrawals and purchases.

10. SSA paid a total of $313,564 in retirement benefits on J.O.'s behalf between October 26, 1995, and December 3, 2015. At the time the retirement benefits were suspended in December 2015, SSA paid $1,576 per month into the PNC Bank account. Neither BENSON nor R.O. had any legal entitlement to these benefits. BENSON spent substantially all of the retirement benefits deposited into the PNC Bank account after J.O.'s death.

11. In addition to the retirement benefits paid by SSA after J.O.'s death, BENSON embezzled private pension benefits paid by Corporation #1 on J.O.'s behalf. These pension benefits, which were also paid by direct deposit to the PNC Bank account, amounted to not less than $95,000. The benefits were paid in connection with J.O.'s employment at a company acquired by Corporation #1 in 2001, at which time Corporation #1 assumed the pension obligations. Though BENSON and R.O. were mailed an annual federal tax reporting form from Corporation #1 at the Lincolnshire Drive house between 1995 and 2015, neither reported J.O.'s death to Corporation #1. Neither BENSON nor R.O. had any legal entitlement to the J.O. pension benefits paid by Corporation #1. BENSON spent substantially all of the pension benefits paid into the PNC Bank account between 1995 and 2015.

12. BENSON spent the J.O. retirement benefits on a variety of personal and household expenses. Among other expenses she paid from the PNC Bank account were the following: (1) utility bills from Washington Gas, a natural gas provider that serviced the

Lincolnshire Drive house; (2) automobile insurance bills from GEICO, which related to vehicles registered to BENSON and R.O.; (3) a property tax bill from Fairfax County, Virginia for the Lincolnshire Drive house; and (4) clothing store purchases.

13. This statement of facts includes those facts necessary to support the defendant's plea of guilty to Count Two of the Indictment, charging her with theft of government property, in violation of Title 18, United States Code, Section 641. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

14. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Dana J. Boente
United States Attorney

Date: 12/16/16

By: _____
Jamar K. Walker
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Tel.: (703) 299-3700
Fax: (703) 299-3981
jamar.k.walker@usdoj.gov

4

Defendant's Stipulation and Signature

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that if the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 12/16/16    *Pamela Teresa Benson*
Pamela Teresa Benson
Defendant

Defense Counsel's Signature

I am the attorney for the defendant in this case, Pamela Teresa Benson. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is informed and voluntary.

Date: 12/16/16    *Whitney Minter*
Whitney Minter, Esq.
Assistant Federal Public Defender